IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIE HOSTY-AUGUSTIN : <br> 980 Greenhouse Lane, : <br> Scane, PA 19018 : <br>   : <br>   Plaintiff,  : <br>   : <br>   v.  : <br>   : <br> THE REHABILITATION GROUP : <br> OF PENNSYLVANIA, INC. d/b/a TOWNE : <br> MANOR EAST HEALTH : <br> AND REHABILITATION CENTER : <br> 2004 Old Arch St., : <br> Norristown, PA 19401 : <br>   : <br>   Defendant.  : <br>   : | CIVIL ACTION <br><br> NO. <br><br><br><br> **JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Marie Hosty-Augustin (*hereinafter* referred to as "Plaintiff" unless otherwise indicated), by and through her undersigned counsel, hereby avers as follows:

**I. Introduction**

1. Plaintiff has initiated this action to redress violations by The Rehabilitation Group of Pennsylvania, Inc. (*hereinafter* "Defendant"), of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year from date of dual-filing with the EEOC before those claims become administratively exhausted. Once exhausted, Plaintiff will seek to amend her complaint to add those additional claims, which will identically mirror her federal claims under the ADA.

1

## II. Jurisdiction and Venue

2. This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff is proceeding herein under ADA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") [2] and by filing the instant lawsuit within ninety (90) days of receiving a Notice of Right to Sue letter from the EEOC.

## III. Parties

6. The averment of the foregoing paragraph is hereby incorporated by reference as if set forth fully herein.

7. Plaintiff is an adult individual residing at the above-captioned address.

---

[2] In conjunction with the EEOC filing, Plaintiff dual-filed a Complaint for violations of the PHRA, in accordance with procedure set by the EEOC and the Pennsylvania Human Relations Commission ("PHRC").

8. Defendant is a skilled nursing and rehabilitation center which provides services out of several locations, including the above-referenced address, which does business as "Towne Manor East Health and Rehabilitation Center."

9. Upon information and belief, Defendant is operated out of 1665 Palm Beach Lakes Blvd., Suite 600 West Palm Beach, FL 33041, under the ultimate direction of Howard Jaffe, President, who operates numerous other healthcare and/or skilled nursing facilities throughout the United States under the umbrella of a larger enterprise headquartered in Florida.

10. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV. Factual Background

11. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

12. Plaintiff began her employment with Defendant in or about December 2020 as a Director of Nursing ("DON").

13. At all relevant times during Plaintiff's employment, she was supervised by Administrator, Tracy Urban.

14. Throughout Plaintiff's employment with Defendant, she was a hard-working and dedicated employee who performed very well.

15. By way of example, Plaintiff passed a 90-day probationary period at the beginning of her employment with a satisfactory evaluation, receiving an increase in compensation. Also at the inception of her employment, prior to Plaintiff's protected activity (described *herein*), Urban

would also consistently praise Plaintiff and make comments to her that she would take Plaintiff with her if she ever separated from Defendant.

16. Unfortunately, Defendant ran its business in an exceptionally haphazard manner.

17. By way of example, Defendant was severely understaffed, requiring Plaintiff to not only perform her own duties as a DON, but also the duties of several other positions on a consistent basis, including that of various other nursing positions.

18. Due to the disorganized and understaffed nature of Defendant's business, Plaintiff was forced to work extremely long hours and double shifts, was consistently called into work on her days off, and was provided with no consistency as to her duties or scheduling despite holding only the position of DON.

19. Unfortunately, the manner in which Defendant operated its business placed substantial burdens, difficulties and stress upon Plaintiff and began to have an adverse effect on numerous disabilities Plaintiff suffers from.

20. Specifically, Plaintiff suffers from health conditions including serious heart problems relating to a heart attack Plaintiff suffered (resulting in the use of a pacemaker), Diabetes, and other complications.

21. As a result of Plaintiff's aforesaid health conditions, Plaintiff is (at times) limited in her ability to perform some daily life activities, including but not limited to regulating circulatory and endocrine functions, performing manual tasks, and working (as well as other daily life activities).

22. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendants, but at times required reasonable accommodations.

23. By way of example, given the adverse impact that Plaintiff's heavy and unpredictable workload was having on her aforementioned disabilities, Plaintiff requested from Defendant's management, including but not limited to Urban, that she be provided some assistance with the countless duties she was being asked to perform (including those outside of her job as a DON) and/or the unpredictable and constant schedule she was being required to work, which caused her great stress and exhaustion.

24. Rather than accommodate Plaintiff and provide some type of assistance with scheduling or adequate staffing, however, Defendant's management, including Urban, entirely ignored Plaintiff's requests without any legitimate attempt to engage in the interactive process, as required.

25. As a result of Urban's failure to even attempt to accommodate Plaintiff's health conditions, Plaintiff then escalated her concerns to Urban's superiors, including Samantha Fiore (Regional Vice President) and Kari Little (Regional Director of Operations) in or about June/July 2021, detailing her situation.

26. In response to Plaintiff escalating her concerns to higher management and again requesting that she be provided with some type of accommodation, instead of attempting to assist Plaintiff with her health conditions, Defendant's management, including Urban, instead subjected Plaintiff to hostility and animosity, as well as a barrage of pretextual admonishment and discipline before being abruptly terminating her (as further discussed *infra*).

27. By way of example, immediately following Plaintiff's complaints and accommodation requests, Urban scolded Plaintiff, making comments including:

   a. "If you are sick then why are you working?";

   b. "If you are that sick then you should not be working";

   c. "We are all sick and we all have to do something"; and

   d. Telling Plaintiff that she was going to cause money to be to "thrown away" with the idea of increased staffing or scheduling adjustments because of her requests, also complaining that Urban's job would somehow be in jeopardy as a result.

28. Moreover, shortly after Plaintiff began requesting accommodations from Defendant's management and complaining about the failure to provide such accommodations, Urban began offering Plaintiff's job to other employees despite that Plaintiff had by all accounts performed her job very well and had not received any disciplinary action to that point.

29. In contrast to the high praise she had given Plaintiff prior to her protected activity, Urban also began to consistently nitpick Plaintiff for trivial issues or for concerns which were the fault of others, started to develop a negative and demeaning attitude toward Plaintiff, and began to openly target her with criticism during morning management meetings in front of the rest of Defendant's management team in a manner disparately from others who did not complain and/or did not have health conditions.

30. Plaintiff was also for the first time in her employment provided with a formal disciplinary action, which was styled as a verbal write up.

31. The alleged reason for this disciplinary action was that cigarette butts were found in front of the building. Plaintiff, however, was not even working on the date that these alleged

cigarette butts were found, and she had no involvement with this incident. Despite explaining to Urban that this disciplinary action was unwarranted under the circumstances, however, Urban did not remove the action.

32. As a result of Defendant's continued failure to accommodate Plaintiff and its subjecting of Plaintiff to hostility and animosity following her requests for accommodations and related complaints to management, with the same escalating to the point of formal disciplinary action against Plaintiff, on or about August 25, 2021, Plaintiff made another formal complaint in writing to Defendant's CEO, Sean Richmond.

33. In this complaint, Plaintiff outlined incidents of discrimination she had been experiencing, including that she had been subjected to retaliation, insults and harassment by Urban, outlining numerous examples of the same, and requesting that a proper investigation into such activities be conducted.

34. Thereafter, Plaintiff was directed to an individual within Defendant's Human Resources Department, who claimed he would be conducting an investigation.

35. Upon information and belief, however, no legitimate investigation was conducted, as other individuals with knowledge of the situation were not interviewed. Instead, in or about the first week of September 2021, Defendant's HR department simply told Plaintiff that based on what Plaintiff had said, there were no findings of discrimination.

36. During this conversation, Defendant's HR also attempted to discourage Plaintiff from engaging in protected activity, telling Plaintiff that she was not to report her complaints to anyone else, including specifically a lawyer or counsel, which Plaintiff objected to.

37. When Plaintiff asked Defendant's HR to provide verification of what was discussed during the call in writing, Defendant's HR simply hung up on Plaintiff and did not provide such a written memorialization.

38. Shortly thereafter, in close proximity to her complaints of discrimination and requests for accommodation, Plaintiff was abruptly approached and asked to resign from her employment, while being offered a severance package in exchange for the withdraw of all claims she had against Defendant, including under the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

39. When Plaintiff refused to resign from her employment or waive her claims, Plaintiff was then terminated on or about September 10, 2021.

40. Plaintiff's termination was entirely pretextual as:

   a. Plaintiff was terminated within one week after Defendant allegedly concluded an investigation of her complaint of discrimination and retaliation, after which Plaintiff objected to being directly discouraged from escalating her complaints to an attorney;

   b. Plaintiff was subjected to consistent hostility and animosity leading up to her abrupt termination following her engagement in protected activities, including directly pertaining to those protected activities, in a manner disparately from her counterparts;

   c. Plaintiff was not provided with any explanation for her separation; and

    d. Plaintiff was terminated despite having only received a verbal warning, which was on its own pretextual (as outlined *supra*), despite Defendant maintaining a progressive disciplinary policy.

41. Therefore, Plaintiff submits that Defendant failed to accommodate her, subjected her to disciplinary action, and ultimately terminated her because of her disabilities, her requests for accommodations, and her complaints of discrimination and retaliation in violation of the ADA.

## Count I
## Violations of the Americans with Disabilities Act, as Amended ("ADA")
**(Actual/Perceived/Record of Disability Discrimination, Failure to Accommodate and Retaliation)**

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff suffers from qualifying health conditions under the ADA which affected (at times) her ability to perform some daily life activities, as outlined *supra*.

44. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendants, but at times required reasonable accommodations.

45. As outlined throughout this Complaint, Defendant failed to accommodate Plaintiff and Plaintiff was disciplined and terminated because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations; and/or (4) her complaints of discrimination.

46. Defendants further failed to engage in the interactive process with Plaintiff, as outlined *supra*.

47. These actions as aforesaid constitute violations of the ADA, as amended.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/interference at the hands of Defendant until the date of verdict;

B. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

D. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

E. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                Respectfully submitted,

                **KARPF, KARPF, & CERUTTI, P.C.**

By: _____

                Ari R. Karpf, Esq.
                Timothy S. Seiler, Esq.
                3331 Street Road
                Two Greenwood Square
                Suite 128
                Bensalem, PA 19020
                (215) 639-0801

Date: October 18, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| Marie Hosty-Augustin<br>v.<br>The Rehabilitation Group of Pennsylvania, Inc. d/b/a<br>Towne Manor East Health and Rehabilitation Center | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 10/18/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 980 Greenhouse Lane, Scane, PA 19018

Address of Defendant: 2004 Old Arch Street, Norristown, PA 19401

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case  [ ] is / [X] is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/18/2021 _____ ARK2484 / 91538
                  *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
       *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 10/18/2021 _____ ARK2484 / 91538
                  *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HOSTY-AUGUSTIN, MARIE

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

THE REHABILITATION GROUP OF PENNSYLVANIA, INC. D/B/A TOWNE MANOR EAST HEALTH AND REHABILITATION CENTER

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 10/18/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE